Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 644-2802
(800) 536-1071 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CYNTHIA Y. LILLY, )<br>)<br>      Plaintiff, )<br> vs. )<br>)<br>PROSPECT EDUCATION LLC, D/B/A CHARTER )<br>COLLEGE, )<br>)<br>      Defendant. )<br>_____ ) | Case No. 3:21-cv- |

COMPLAINT FOR DAMAGES

COMES NOW Cythia Y. Lilly, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

**I.  JURISDICTION**

1.1.  At all relevant times, plaintiff, Cynthia Y. Lilly, performed medical assistant instruction duties for defendant operating out of Wasilla, Alaska, within the Third Judicial District, State of Alaska.

1.2.  At all relevant times, defendant, Prospect Educational LLC, d/b/a Charter College [Hereinafter: "Charter College"], has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

## II. FACTS

2.1. Plaintiff Cynthia Y. Lilly initially began her employment with Defendant Charter College in 2009. She left in 2013, on good terms and was rehired in 2015. Her latest employment with Defendant was between 2015 and April 10, 2020.

2.2. When Plaintiff returned to Charter College in 2015, she was employed in a full time position as a Medical-Assistant Instructor.

2.3. After capably performing her job duties, Plaintiff was promoted on May 10, 2016 to the position of Lead Medical-Assistant Instructor.

2.4. During the entirety of her employment with Charter College, Cynthia Y. Lilly avoided any employment related disciplines, and received consistent high scores from students and supervisors.

2.5. In April 2020, Charter College alleges that it instituted a restructuring that necessitated a "wide scale" reduction in force. Using this pretext, Charter College laid off Plaintiff under the guise that there existed a financial necessity.

2.6. At the time that Charter College laid off Plaintiff from her lead instructor teaching position, she was 54 years old and the eldest of the two full time employees at the Wasilla campus.

2.7. In addition to being the eldest of the two employees at the Wasilla Campus, Ms. Lilly was also by far the most experienced, most educated and, objectively, the most effective instructor employed at the Wasilla campus.

2.8. Despite her superior education, superior years of seniority with Charter College, superior attendance record, superior scores with student evaluations, and more applicable credentials, Cynthia Y. Lilly was terminated from her teaching position and a significantly younger employee retained her position.

2.9. Despite the pretext that Cynthia Y. Lilly was terminated due to financial considerations caused by decreased enrollment, within two weeks of her termination, Charter College posted advertisements to hire additional teaching staff and Ms. Lilly was not offered a return position.

2.10. The younger employee that Charter College retained in place of Cynthia Y. Lilly, although younger, had a criminal history for acts of dishonesty, had a significant history of calling in sick to her job at Charter College, and had far less years of teaching experience and far less education than did Plaintiff.

### CAUSES OF ACTION

**A.    DISPARATE TREATMENT ON THE BASIS OF AGE IN VIOLATION OF 29 U.S.C. § 623.**

3.1. Cynthia Y. Lilly incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.10, and alleges that defendant, Charter College, violated the Age Discrimination in Employment Act.

3.2. Cynthia Y. Lilly alleges that at all times relevant to this lawsuit she was over forty years of age, performed her job duties to the expectation of her employers, and the satisfaction of her students, and received no progressive discipline or verbal counseling.

3.3. Cynthia Y. Lilly alleges that she was one of two full time employees at Charter College's Wasilla Campus, and she was significantly older than the other employee.

3.4. Plaintiff Cynthia Y. Lilly alleges that despite having superior education, superior experience, superior student satisfaction scores, and an overall sueperior set of skills and credentials, Charter College decided to lay off her and to retain the services of her younger co-worker.

3.5. Cynthia Y. Lilly alleges that based on her objectively superior qualifications, and the statements made by her employer as to why she was terminated, which were unworthy of credence, she believes that defendant Charter Collge violated the Age Discrimination in Employment Act when it terminated her employment because of her age, being over 40 years old.

3.6. For Charter College's violations of the Age Discrimination in Employment Act, Plaintiff seeks all damages available under law, specifically as outlined in 29 U.S.C. § 216(b), including back pay, future pay, actual attorney fees and prejudgment interest, and liquidated damages.

3.7. Based on the egregious nature of Defendant's conduct, Plaintiff also seeks punitive damages from Charter College.

#### JURY DEMAND

4.1. Plaintiff, Cynthia Y. Lilly, hereby demands a trial by jury on all claims and issues for which she has a right for a jury to render judgment.

Page -4-

Case 3:21-cv-00233-HRH   Document 1   Filed 10/20/21   Page 4 of 5

## PRAYER OF RELIEF

WHEREFORE, Plaintiff Cynthia Y. Lilly, requests judgment against defendant Prospect Education LLC, dba Charter College, as follows:

1. Full and complete payment of all back wages, future wages, prejudgment interest, and liquidated damages caused when Prospect Education LLC, dba Charter College, treated in a disparate manner, Cynthia Y. Lilly because of her age, in violation of the Age Discrimination in Employment Act, in amount within the jurisdictional limit of this court, with an exact amount to be proven at trial;

2. Based on the egregious nature of Charter College's conduct, Plaintiff Cynthia Y. Lilly also seeks punitive damages in the amount determined by the jury;

3. Actual reasonable attorney fees, pursuant to the Age Discrimination in Employment Act, and all permitted prejudgment interests on the lost wages;

4. Plaintiff Cynthia Y. Lilly further seeks such other relief as the court may deem just and proper based on the egregious nature of Defendant's conduct.

Dated this 19th day of October 2021.

S/ Isaac Zorea
Law Offices of Isaac D Zorea
P.O. Box 210434
Anchorage, AK 99521
Telephone: (907) 830-1385
Facsimile: (800) 536-1071
E-mail: Eyedz@gci.net